888

## TRINIDAD BEAN & ELEVATOR CO. v. PENNSYLVANIA R. CO.
### No. 15630.

District Court, E. D. Pennsylvania.
Aug. 2, 1933.

Richard K. Stevens (of Stradley, Ronon, Stevens & Denby), of Philadelphia, Pa., for plaintiff.

Charles Myers (of Barnes, Biddle & Myers), of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This was an action at law for damages against a carrier for failure to notify a consignor of the nondelivery of a shipment of goods. The jury returned a verdict in favor of the plaintiff for $1,329.46.

The plaintiff shipped two carloads of beans from Idaho to Philadelphia on a shippers' order bill of lading to itself with directions to notify Elkan B. Marks. The cars arrived in Philadelphia on February 26 and March 9, 1929, respectively, and Marks was promptly notified of their arrival, but refused to take the goods. The plaintiff after inquiry was finally informed on March 27th that the cars were on hand at the Pennsylvania Warehouse & Safe Deposit Company as agents for the carrier awaiting surrender of the bills of lading. The plaintiff then sold the beans and brings this suit for its loss based on the difference between the market price in Philadelphia at the time of arrival and the price obtained at the sale.

The court submitted to the jury the question whether notice had been given within a reasonable time. The jury found that it had not. The question involved in this motion is whether the defendant railroad company was under a duty to give the plaintiff any notice at all of the failure of the notified party to accept the goods. It is conceded that no term of the bill of lading imposes such a duty.

The decisions in various jurisdictions are hopelessly conflicting as reference to Lust on the Law of Loss & Damage Claims (34th Ed.) c. 4, § 7, p. 169, and to the note in 4 A. L. R. at page 1285 will disclose. However, it is clear that by the law of the state of Pennsylvania no such duty exists. See Keystone Publishing Company v. Pennsylvania Railroad Company, 78 Pa. Super. 486; McCarthy v. Pennsylvania Railroad Company, 97 Pa. Super. 570.

There appears to be no decision of the Supreme Court of the United States ruling the question directly, but it is pretty clearly indicated in several decisions that the court does not recognize the existence of the duty. In North Pennsylvania Railroad Company v. Commercial Nat. Bank, 123 U. S. 727, 736, 8 S. Ct. 266, 271, 31 L. Ed. 287, the court, applying the rule of The Thames, 14 Wall. 98, 20 L. Ed. 804, to a carrier by land, and quoting that opinion, said: "And if, after inquiry, the consignee or the indorsee of the bill of lading for delivery to order cannot be found, the duty of the carrier is to retain the goods until they are claimed, or to store them prudently for and on account of their owner. He may thus relieve himself from the carrier's responsibility."

Following the Pennsylvania rule and what appears to be the rule of the federal courts, I hold that, in the absence of a provision in the bill of lading, there is no duty upon a carrier to notify the shipper of nondelivery of goods. It follows that the defendant's general point should have been affirmed.

The motion for a new trial is granted upon the sole ground that the defendant's general point should have been affirmed.